UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVID DeBORD & NANCY WALTERS, | ) | |
| Co-Administrators of the Estate of | ) | |
| MEGAN DeBORD WILLIAMS, deceased, | ) | |
| and Co-Guardians for C.W., an unmarried | ) | |
| infant; JAMES VANHOOK, as Guardian for | ) | |
| J.V., an unmarried infant; and JOSEPH | ) | |
| WILLIAMS, Guardian and Next Best Friend | ) | Civil No. 6:15-cv-00119-GFVT |
| for K.W., an unmarried infant, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| V. | ) | **ORDER** |
| | ) | |
| GREAT WEST CASUALTY COMPANY | ) | |
| and ROBERT MIDDLETON, | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

This action is ancillary to a case currently pending in state court. An unfortunate fatality accident resulting from the collision between a motor vehicle and a tractor gave rise to the Plaintiffs' tort action against Robert Middleton and his employer MS Express, LLC, in Pulaski Circuit Court, as well as Plaintiffs' declaratory judgment action against Defendants Great West Casualty Company and Robert Middleton that is now before this Court. [*See* R.1.] Great West Casualty Company is not named in Plaintiffs' state court tort action; rather, its involvement with the general matter stems from an insurance policy issued by Great West Casualty Company to Koleaseco, the purported title owner of the tractor involved in the fatality accident. [*See* R. 8 at 2-3.] Specifically, Plaintiffs seek a declaratory judgment regarding whether or not Great West's liability coverage extends to Robert Middleton, the operator of Koleaseco's tractor at the time of the accident. [R. 1-1.]

On July 9, 2015, Great West Casualty Company filed a Notice of Removal, seeking to remove Plaintiffs' state declaratory judgment action to federal court. [R. 1.] Plaintiffs oppose removal, arguing that the Notice of Removal fails to properly establish subject-matter jurisdiction. [R. 6-1.] Plaintiffs also argue that a state declaratory judgment action would be preferable to a federal one, citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008), and ask the Court to grant the Motion to Remand. [R. 6-1 at 4; R. 9.]

For the reasons set forth below, the Court will grant Plaintiffs' Motion to Remand and decline to exercise its discretionary jurisdiction over this case, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## I

Great West Casualty Company issued a commercial auto policy to Koleaseco, Inc., for the policy period of June 17, 2013 through September 1, 2014. [R. 1-1 at 2.] During this policy period, Koleaseco allegedly was the title owner of a Peterbilt tractor. Although Koleaseco attempted to assign the tractor's title in 2010, questions remain regarding whether the assignment was effective to actually complete a legal transfer of title. [*Id.* at 3.] On March 4, 2014, Robert Middleton was operating the Peterbilt tractor in question, along with a trailer. [*Id.* at 4.] The tractor and trailer became stuck in an intersection, and Megan DeBord Williams struck the tractor-trailer with her automobile, resulting in her fatality. [*Id.*]

Plaintiffs have filed a suit in Pulaski Circuit Court to recover for Megan DeBord Williams' wrongful death. Great West Casualty Company is not named as a Defendant in that case, although Koleaseco has been joined as a Defendant based on allegations that it is the title owner of the tractor and that it negligently entrusted the vehicle. [R. 8 at 2.] In addition to the tort action, Plaintiffs filed a suit against Great West Casualty Company and Robert Middleton,

seeking a declaratory judgment as to whether the Peterbilt tractor was insured by Great West Casualty Company.  [R. 1-1.]  It is this declaratory judgment action that Great West seeks to remove to federal court and that Plaintiffs desire to remand to state court. [R. 1, R. 6.]

## II

## A

As a preliminary matter, the Court must always consider its subject matter jurisdiction over a case. *See, e.g., Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 607 (6th Cir. 1998) ("The first and fundamental question presented by every case brought to the federal court is whether it has jurisdiction to hear a case.").  In the matter at hand, Great West Casualty Company seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1446. [R. 1 at 2-3.]  Great West fails, however, to do so correctly in its Notice of Removal.  [*See id.*]

28 U.S.C. § 1332 is satisfied when "complete diversity" exists, meaning no party shares citizenship with any opposing party.  *See Safeco Ins. Co. of Am. v. City of White House,* 36 F.3d 540, 545 (6th Cir. 1994).  For diversity jurisdiction purposes, a corporation is a "citizen of any State by which is has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).  Also, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."  28 U.S.C. § 1332(c)(2).

In its Notice of Removal, Great West correctly describes its corporate citizenship.  [R. 1 at 3.]  However, Great West does not accurately describe the citizenship of the Plaintiffs, who are estate administrators and representatives of unmarried infants.  [R. 1 at 2-3.]  As submitted, the Notice of Removal is insufficient to establish proper subject-matter jurisdiction.  The Court

has the authority to grant leave to amend the Notice of Removal and to allow Great West an opportunity to cure its defective description of Plaintiffs' citizenship. But even if the Court did so, the Court faces a substantive problem with the case as it relates to the Declaratory Judgment Act. Regardless of proper subject-matter jurisdiction under 28 U.S.C. § 1332, the Court would remand this case to Pulaski Circuit Court for the reasons set forth below.

### B

In addition to the threshold subject-matter jurisdiction inquiry, the Court must also determine whether it should exercise jurisdiction over the case under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Court's exercise of jurisdiction under the Act is not mandatory. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *see also Bituminous Casualty Corp. v. J & L Lumber Co.,* 373 F.3d 807, 812 (6th Cir. 2004). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In other words, although the District Court has jurisdiction of a suit brought under the Declaratory Judgment Act, it retains discretion to remand or otherwise decline to hear the suit. *See Brillhart*, 316 U.S. at 494.

The Court, then, must determine whether this declaratory judgment dispute is appropriate for its consideration. In making this assessment, the Court considers "whether the judgment will serve a useful purpose in clarifying and settling the legal relationships in issue and whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp.2d 689, 692 (E.D. Ky. 2002) (citations and internal quotation marks omitted). Consistent with Sixth

Circuit law, the Court makes a full inquiry into all relevant considerations, specifically taking into account the following five factors:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citations omitted). Finally, while these factors are useful benchmarks, the ultimate decision about whether to accept jurisdiction is left to the "unique and substantial" discretion of the Court. *Id*. at 563 (quoting *Wilton*, 515 U.S. at 286).

To begin its analysis, the Court considers the first *Scottsdale Ins. Co. v. Flowers* factor, whether the declaratory action would settle the controversy. With respect to this factor "in the context of an insurance company's suit to determine its policy liability," the *Flowers* court noted a split in precedent. *Id.* at 555. According to the court, "[o]ne set of cases has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court, even though it will not help resolve the underlying state court action." *Id.* "A different set of cases, however, has found that, while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.*

The current action before the Court falls somewhere in between the two categories. The chief controversy here involves the scope of the insurance policy, and, as Great West is not a party in the state court tort action, the Court could presumably settle the insurance coverage controversy with little interference to the state court suit. This tends to support the exercise of

jurisdiction.  However, upon additional inquiry, the declaratory judgment action and the tort

action appear more closely intertwined.  While Great West itself is not a party to the state court

tort action, Koleaseco is.  In a motion to join Koleaseco to the declaratory judgment suit (should

the Court decide to hear the case), Great West explains:

> Koleaseco has been named as a party to Plaintiffs' underlying tort action and the
> allegations against Koleaseco in that action . . . are substantially similar to the
> allegations against Great West in the present action, namely that coverage is owed
> under the Great West policy issued to Koleaseco for the March 4, 2014, accident.
> Therefore, not having Koleaseco as a party to this declaratory judgment action
> could result in inconsistent coverage obligations between Great West and
> Koleaseco at the state and federal court levels.

[R. 10 at 2.]  This potential for inconsistent coverage obligations is cause for concern.  Should

the state court action and the federal declaratory judgment case ultimately result in

inconsistencies, the controversy would not be settled but, rather, further complicated.  Granting

Great West's motion to join Koleaseco offers little help; rather than Great West and Koleaseco

facing inconsistent obligations at the state and federal levels, Koleaseco itself could face

inconsistent obligations at both levels.  Just as the Sixth Circuit Court of Appeals noted in

*Bituminous Casualty Corp. v. J & L Lumber Co.*, "[t]he federal court could either reach the same

conclusion as the state court, in which case the declaration would have been unnecessary and the

federal litigation a waste of judicial resources, or the federal court could disagree with the state

court, resulting in inconsistent judgments."  373 F.3d 807, 813-14 (2004).  Therefore, the first

factor weighs against the Court's exercise of jurisdiction over this case.

The second factor, whether the declaratory action would serve a useful purpose in

clarifying the legal relations in issue, "is closely related to the first factor and is often considered

in connection with it.  Indeed, it is almost always the case that if a declaratory judgment will

settle the controversy, then it will clarify the legal relations in issue."  *Flowers*, 513 F.3d at 557.

Like the first factor, although the insurance coverage question itself could seemingly be clarified through a federal declaratory judgment suit, there is outstanding risk that legal questions at the state level will not be clarified.  Further, the Court cannot see that a federal declaratory judgment action would be more useful in clarifying the legal relations at issue than a state declaratory action would be, should the case be remanded.  The Court finds that the second factor, like the first factor, weighs more towards opposing jurisdiction than towards granting it.

The third *Scottsdale Ins. Co. v. Flowers* factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or likely to create a race for *res judicata*." *Id.* at 558.  It "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *Id.* (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)).  When the declaratory judgment "plaintiff has filed his claim after the state court litigation has begun, we have generally given the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of [the] action.'" *Id.* (quoting *Bituminous*, 373 F.3d at 814).  In this case, Plaintiffs are the party initially filing for a declaratory judgment, albeit at the state court level.  Both Plaintiffs and Defendant have asserted the absence of improper motives in this case.  [R. 8 at 7; R. 9 at 4.]  The Court has likewise found no evidence of unbefitting practice.  This third factor, then, weighs in favor of the Court exercising jurisdiction over the action.

The fourth factor requires the Court to consider whether the declaratory action would increase the friction between federal and state courts, and it is this factor that the Court finds especially compelling.  The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in

state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

Three sub-factors are relevant when considering this fourth friction-avoiding factor:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers,* 513 F.3d at 560.

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id.* Sometimes, a declaration of insurance coverage can be resolved as a matter of law, and factual findings by a state court are unnecessary to that determination. In such cases, federal jurisdiction may be suitable. *See id.* However, if the issues raised in the federal case require making factual findings that may conflict with similar state court findings, "exercise of jurisdiction would be inappropriate." *Id.* The force of the first sub-factor opposes jurisdiction. This is not a case where the question of insurance coverage can be resolved without making factual determinations, and those factual determinations, such as whether or not Robert Middleton can be considered an employee of Koleaseco, rest largely on state law with which the state court is better acquainted. This case was brought pursuant to the federal courts' diversity jurisdiction, and neither federal common law nor federal statutory law apply to the substantive issues of the case. In this situation, Kentucky courts are best situated to identify and enforce both Kentucky law and public policy and to evaluate factual issues accordingly.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id.* State courts are generally better suited to resolve novel questions of state law. *Id.* However, "when an insurance company is not a party to the state court action, and neither the scope of the insurance coverage nor the obligation to defend [is] before the state court, . . . a decision by the district court on these issues would not offend principles of comity." *Id.* The Court recognizes Great West's argument that the relevant issues are not amorphous state law questions but, rather, appear well-settled. [R. 8 at 9.] But even if that is true, the Court is not convinced that it is in a "better position" than the state court to resolve the issues. *Flowers,* 513 F.3d at 560. While the Court *could* hear the case, there is no reason that the Court *must* hear the case. Comity is key for effective federalism, and where the Court is not in a superior position to resolve the lawsuit, it weighs this sub-factor in opposition of jurisdiction.

With respect to the third sub-factor, the Sixth Circuit has held that

> [i]ssues of insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve. The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation for such regulation.

*Id.* at 561 (internal citations and quotation marks omitted). Therefore, the third sub-factor weighs in favor of declining jurisdiction. As all three sub-factors weigh towards declining jurisdiction rather than exercising it, the fourth *Scottsdale Ins. Co. v. Flowers* factor on the whole supports declining jurisdiction.

Finally, the Court considers the fifth factor, whether there is an alternative remedy that is better or more effective than a federal court ruling. *See id.* at 554. In the matter at hand, Great West Casualty Company has alternative remedies. First, its case will still be heard even if this

9

Court declines jurisdiction, as the Pulaski Circuit Court will take up the matter.  This alternative could be more effective because, if the declaratory judgment is heard in state court like Plaintiffs' tort action will be, the state court "might also [be] able to combine the two actions so that all issues could be resolved by the same judge."  *Flowers*, 513 F.3d at 562.  Alternatively, Great West could presumably file an indemnity action after the underlying state action has been resolved.  *See id.*  As Great West would be delayed in clarifying its status and as the Plaintiffs here are the ones seeking the declaration of rights, this remedy is inferior.  But, overall, the state forum is not necessarily an inferior forum to the federal court for the matter at hand, and it may even be the superior one in some regards.

In conclusion, the majority of the relevant considerations oppose, rather than support, the Court's jurisdiction.  The third *Scottsdale Ins. Co. v. Flowers* factor is the only one clearly supporting jurisdiction, and that factor alone is insufficient the Court.  The first two factors weigh against the discretionary exercise of jurisdiction because of potential overlapping issues and inconsistent rulings in the state court tort action and the declaratory judgment action.  The fourth and fifth factors too weigh against the exercise of jurisdiction, in great part due to the importance of comity and the avoidance of friction between the state and federal judicial systems.  While it may be possible for the Court to hear the case, the exercise of jurisdiction under the Declaratory Judgment Act is not mandatory.  *Brillhart*, 316 U.S. at 494; *Bituminous*, 373 F.3d at 812.  In reliance on the Court's "unique and substantial" discretion, *Flowers*, 513 F.3d at 563, the Plaintiffs' Motion to Remand will be granted.

### III

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Remand, and the declaratory judgment action will be remanded to Pulaski Circuit Court.  Even if the filings were

cured to result in proper subject-matter jurisdiction, the Court declines to hear the suit under its Declaratory Judgment Act discretion.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      Plaintiff's Motion to Remand [R. 6] is **GRANTED** and this case is **REMANDED** to Pulaski Circuit Court;

2.      All other pending motions [R. 4, R. 10] are **DENIED AS MOOT**; and

3.      This matter is **STRICKEN** from the Court's active docket.


This the 27th day of October, 2015.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge